CT Corporation

**Service of Process Transmittal**
06/02/2021
CT Log Number 539659093

TO: Serviceof Process
CVS Health Companies
1 CVS DR MAIL CODE 1160
WOONSOCKET, RI 02895-6146

RE: **Process Served in Florida**

FOR: CVS Pharmacy, Inc.  (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ROSE MELIA TASSY, Pltf. vs. CVS PHARMACY, INC., and JOHN DOE, Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 502021CA003508XXXXMB |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/02/2021 at 03:15 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/02/2021, Expected Purge Date: 06/07/2021 |
| | Image SOP |
| | Email Notification,  Serviceof Process  service_of_process@cvs.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Composite Exhibit 1



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Wed, Jun 2, 2021

**Server Name:**       Eric Deal

| | |
|---|---|
| Entity Served | CVS Pharmacy, Inc. |
| Case Number | 502021CA003508XXXXMB Div: AB |
| Jurisdiction | FL |



**** CASE NUMBER: 502021CA003508XXXXMB Div: AB ****

Filing # 123103762 E-Filed 03/15/2021 02:36:51 PM

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.:

ROSE MELIA TASSY,

              Plaintiff,

vs.

CVS PHARMACY, INC. and
JOHN DOE,

              Defendants.

_____/

Date: 6-2-21  Time: 3:00ᵖᵐ

## SUMMONS

Eric Deal    S.P.S. 336

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint, Request to Produce and Interrogatories, in this action on the Defendant:

CVS PHARMACY, INC.
c/o C T Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Each Defendant is required to serve written defenses to the Complaint or petition on **LAW
OFFICES OF BERMAN & BERMAN, P.A., Plaintiff's attorney, whose address is PO Box
272789, Boca Raton, FL 33427; Eservice: service@thebermanlawgroup.com**, telephone: (561)
826-5200, within twenty (20) days after service of this Summons on the Defendant, exclusive of the
day of service, and to file the original of the defenses with the Clerk of this Court either before
service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will
be entered against that Defendant for the relief demanded in the Complaint or petition.

Dated  Mar 17 2021  , 2021.

Clerk of said Court

By: *Janis Sustaché*

As Deputy Clerk

Janis Sustache

Filing # 123103762 E-Filed 03/15/2021 02:36:51 PM

## IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

ROSE MELIA TASSY,

        Plaintiff,

vs.

CVS PHARMACY, INC., and
JOHN DOE,

        Defendants.

_____/

### COMPLAINT

Plaintiff, ROSE MELIA TASSY, by and through undersigned counsel, hereby sues the Defendant, CVS PHARMACY, INC. and JOHN DOE, and states as follows:

### JURISDICTION, PARTIES & VENUE

1. This is an action for damages exceeding Thirty Thousand Dollars ($30,000.00) and within the Jurisdictional limits of this Honorable Court.

2. At all times material hereto, Plaintiff, ROSE MELIA TASSY, (hereinafter "Plaintiff"), was a resident of Palm Beach County, Florida and is otherwise sui juris.

3. At all times material hereto, Defendant CVS PHARMACY, INC. (hereinafter "CVS"), was and is a for-profit corporation authorized to do and doing business in Florida.

4. At all times material hereto, Defendant, CVS, owned, maintained, and operated a store located at 7016 Beracasa Way, Boca Raton, Palm Beach County, Florida (the "subject store").

5. At all times material hereto, Defendant, JOHN DOE (hereinafter "MANAGER"), was and is a resident of Palm Beach County, Florida and is otherwise sui juris.

6. On or about November 21, 2017, the MANAGER was an employee of Defendant CVS and was on duty at the subject store.

7. Venue is proper in Palm Beach County, Florida because the Defendant CVS's subject store is located in this county and the events that resulted in Plaintiff's injury that is the subject matter of this lawsuit occurred there.

## GENERAL ALLEGATIONS

8. On or about November 21, 2017, Plaintiff was a business invitee, lawfully on the premises of the subject store that is open to the public.

9. On or about November 21, 2017, Plaintiff, while walking in the subject store, was caused to fall due to display cardboard pieces that were placed on the floor in the subject store.

10. The cardboard pieces left on the floor constituted a dangerous condition.

11. As a result of the Defendants' failure to properly maintain the subject store and/or warn of the dangerous condition, Plaintiff suffered serious injuries.

12. All conditions precedent to the filing of this Complaint have been satisfied, met, and/or waived.

## COUNT I – PREMISES LIABILITY NEGLIGENCE AGAINST CVS

Plaintiff adopts and realleges paragraphs 1 through 12 as if set forth herein in fill and further alleges:

13. Defendant CVS, as the Owner of the subject store, owed business invitees, such as Plaintiff, a duty of reasonable care to maintain its premises in a reasonably safe condition, to correct dangerous conditions about which CVS knew or should have known, and to warn business invitees such as Plaintiff of dangerous conditions about which it had superior knowledge. This included the duty to ensure that the facilities and structures were operational and reasonably safe for use by the public at large, including Plaintiff.

14. Defendant CVS knew or should have known that the failure to keep the floors free and clear of objects and/or debris that a business invitee could slip/fall on presented a hazardous condition and a danger to business invitees visiting the subject store.

16. By and through its agents, Defendant CVS breached its duty of care by negligently maintaining the subject premises in one of more of the following ways:

    a.  by failing to provide proper maintenance and care of the subject store;

    b.  by creating a dangerous condition on the subject premises;

    c.  by allowing the unsafe and hazardous condition to exist in the subject store, which business invitees, such as the Plaintiff, would walk on, near and around, thereby creating an unsafe, dangerous and hazardous condition;

    d.  by failing to correct or remedy the dangerous and hazardous condition, although CVS, knew, or in the exercise of reasonable care should have known, of the existence of unsafe and hazardous condition;

    e.  by representing to its business invitees, including Plaintiff, that its premises was safe and suitable when, in fact, it was not;

    f.  by failing to provide adequate warnings and/or other reasonable notice of the unsafe, dangerous, and hazardous condition to its business invitees, including Plaintiff, although, CVS, knew, or in the exercise of reasonable care, should have known of the existence of said condition;

    g.  by failing to have policies and procedures in place to adequately address preventing or remedying hazardous conditions such as the one described herein; and

    h.  by failing to adequately train and/or supervise personnel at its stores, including the subject store, in maintaining a safe store and/or to remedy hazardous conditions such as the one described herein.

17. The hazardous condition caused by leaving objects and/or debris on the floor that business invitees can slip/fall on had existed for a sufficient length of time for the Defendant CVS to have had constructive knowledge of the hazard.

18. Defendant CVS's knowledge regarding the dangerous condition presented by the objects and/or debris left on the floor was superior to the Plaintiff's knowledge.

19. As a direct and proximate result of the aforementioned negligence of CVS, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and related care and treatment, loss of earnings, loss of ability to earn money, and/or an aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff ROSE MELIA TASSY demands judgment against Defendant CVS in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus taxable costs, and whatever other relief is permissible under the Laws of Florida.

## COUNT II - NEGLIGENCE AGAINST DEFENDANT MANAGER

Plaintiff adopts and re-alleges paragraphs 1 through 12 as if set forth herein in fill and further alleges:

20. Defendant MANAGER, as the store manager for CVS, owed a duty to Plaintiff to maintain and keep the subject store in a reasonably safe condition and to warn Plaintiff of the existing unsafe and hazardous condition he knew or, in the exercise of reasonable care, should have known about.

21. Defendant MANAGER, as the store manager of the subject store, breached its duty of care and acted in a negligent and careless manner, in one or more of the following ways:

    a.  by failing to provide proper maintenance and care of the subject store;

    b.  by creating a dangerous condition on the subject premises;

    c.  by allowing the unsafe and hazardous condition to exist in the subject store, which business invitees, such as the Plaintiff, would walk on, near and around, thereby creating an unsafe, dangerous and hazardous condition;

d.  by failing to correct or remedy the dangerous and hazardous condition, although he knew, or in the exercise of reasonable care should have known, of the existence of unsafe and hazardous condition;

e.  by failing to provide adequate warnings and/or other reasonable notice of the unsafe, dangerous, and hazardous condition to its business invitees, including Plaintiff, although he knew, or in the exercise of reasonable care, should have known of the existence of said condition;

f.  by failing to have policies and procedures in place to adequately address preventing or remedying hazardous conditions such as the one described herein; and

g.  by failing to adequately train and/or supervise his personnel in the subject store in maintaining a safe store and/or to remedy hazardous conditions such as the one described herein.

23. Defendant MANAGER knew or should have known that the subject store floor, if not properly inspected, cleaned, and maintained was hazardous to business invitees, including Plaintiff.

24. Defendant MANAGER's knowledge regarding the dangerous condition presented by the objects and/or debris left on the floor was superior to the Plaintiff's knowledge.

25. The hazardous condition described herein was created by or known to the Defendant MANAGER, or had existed for a sufficient length of time so that he should have known of its existence.

26. As a direct and proximate result of the aforementioned negligence of MANAGER, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and related care and treatment, loss of earnings, loss of ability to earn money, and/or an aggravation

of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff ROSE MELIA TASSY demands judgment against Defendant JOHN DOE in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus taxable costs, and whatever other relief is permissible under the Laws of Florida.

## COUNT III – VICARIOUS LIABILITY AGAINST CVS

Plaintiff adopts and realleges paragraphs 1 through 12 as if set forth herein in fill and further alleges:

27. At all times material hereto, MANAGER was an agent, apparent agent, servant, employee, and/or independent contractor of CVS and was acting within the scope of that position to further CVS's business interests when he negligently caused an unreasonably dangerous condition to exist at CVS's subject store.

28. At all times material hereto, MANAGER was acting within his scope of work with CVS so that he may advance CVS's business interests and CVS is therefore vicariously liable for the negligence and damages caused by MANAGER while operating CVS's subject store.

29. As a direct and proximate result of the aforementioned negligence of MANAGER, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and related care and treatment, loss of earnings, loss of ability to earn money, and/or an aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff ROSE MELIA TASSY demands judgment against Defendant CVS in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus taxable costs, and whatever other relief is permissible under the Laws of Florida.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

DATED this _____ day of March, 2021.

THE LAW OFFICES OF
BERMAN & BERMAN, P.A.
*Attorneys for Plaintiff*
Post Office Box 272789
Boca Raton, FL 33427
Tel: (561) 826-5200
Fax: (561) 826-5201

By: /s/ *Russell F. Berman*
Russell F. Berman, Esq.
Florida Bar No.: 731501
service@thebermanlawgroup.com

Filing # 127890766 E-Filed 06/01/2021 04:52:15 PM

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.502021CA003508XXXXMB-AB

ROSE MELIA TASSY,

     Plaintiff,

vs.

CVS PHARMACY, INC., and
JOHN DOE,

     Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT

    The Plaintiff, ROSE MELIA TASSY, by and through undersigned counsel, hereby serves this First Set of Interrogatories to the Defendant, CVS PHARMACY, INC., in accordance with Rule 1.340, Florida Rules of Civil Procedure.

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been served to Defendant together with the Complaint and Summons in this matter.

    DATED this 1st day of June, 2021.

                     **THE LAW OFFICES OF**
                     **BERMAN & BERMAN, P.A.**
                     *Attorneys for the Plaintiff*
                     Post Office Box 272789
                     Boca Raton, Florida 33427
                     Telephone (561) 826-5200
                     Facsimile   (561) 826-5201

                     By: */s/ Joseph C. Schulz*
                         Joseph C. Schulz, Esq.
                         Florida Bar No.: 660620
                         service@thebermanlawgroup.com

## INTRODUCTION & DEFINITIONS

A.     These interrogatories are directed toward all information known or available to Defendant, including information contained in the records and documents in Defendant's custody or control or available to Defendant upon reasonable inquiry. Where interrogatories cannot be answered in full, they shall be answered as completely as possible and incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer and of whatever actual knowledge is possessed with respect to each unanswered or incompletely answered interrogatory.  If sufficient space for your answer is not provided herein, you may attach additional papers with your answers and refer to your attached answers in the space provided herein.

B.     Each interrogatory is to be deemed a continuing one. If, after serving an answer to any interrogatory, Defendant, or an authorized officer for Defendant, obtains or becomes aware of any further information pertaining to that interrogatory, Defendant or its authorized officer is requested to serve a supplemental answer setting forth such information.

C.     "You" or "Your" refers to the Person (as defined below) to whom this request is addressed, including his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting for or in concert with or purporting to act on the Defendant's behalf, including your Representative (as defined below).

D.     ""Defendant" shall mean CVS PHARMACY, INC., and includes all nicknames, pseudonyms and/or misnomers in any papers or documents referencing the defendant or any liability or obligation attributable to them.

E.     "Plaintiff" shall mean ROSE MELIA TASSY.

F.     "Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units herein, and shall include, but not be limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or departments, and the agents, servants, and employees of same.

G.     "Representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question, including insurance company employees.

H.     If you object to providing any response on the grounds of privilege or protection of trial preparation material, please state the specific basis of your privilege claim.

I.     When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope thereof.

J.     "Document(s)" or "Writing(s)" shall be deemed to include every record of every type, and is used in the broadest sense and includes any medium upon which intelligence or information can be recorded and further includes, but is not limited to, all originals, nonidentical copies and drafts of the following items, whether printed, handwritten, typed, recorded, sent, received or stored via electronic or digital means or device, or reproduced by hand, including without limitation correspondence, memoranda, e-mails, texts, invoices, receipts, records, ledger cards or other accounting records, voucher, check, shop order, diary, calendar, instruction, summaries of personal conversations or interviews, minutes or records of meetings or conferences, transcripts, opinions or reports of consultants, projections, drafts, contracts, agreements, confirmations, statistical statements, studies, telegrams, telexes, books, notes, reports, logs, diaries, audio and /or video recordings, data compilations from which information can be obtained, charts, photographs, notebooks, drawings, plan, printed materials or any kind, charts and interoffice communications, and any other writing of whatever description, including but not limited to any information contained in any computer (whether stored on a physical drive or in a cloud or virtual storage space), signed or unsigned, regardless of whether approved, signed, sent received, redrafted, or executed, study, work paper, handwritten note, draft, chart, paper, print, laboratory record, drawing sketch, diagram, form graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced and reproduced.

K.     "Communication", "communications", or "correspondence" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information or opinion, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, text message, email, or otherwise.

L.     As used in these requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

M.     The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these interrogatories any answer that might be deemed outside their scope by another construction.

N.     "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

O.     "Identify" or "identity" means to state or a statement of:

a)     in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b)     in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c)     in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d)     in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e)     in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

P.     "Including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

Q.     The term "subject incident" as used herein, refers to the incident giving rise to this litigation and described in Plaintiff's Complaint.

R.     The term "subject premises" as used herein refers to the store located at 7016 Beracasa Way, Boca Raton, Palm Beach County, Florida.

## INTERROGATORIES TO DEFENDANT

1.    What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.    Has the Defendant been named correctly in the Complaint? If not, please provide the correct name.

3.    Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiffs' Complaint, detailing as to such policies the names of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

4.    Describe in detail, each act or omission on the part of the Plaintiff you contend constituted negligence that was a contributing legal cause of the incident described in the Complaint.

5.     Please state the name, last known address and phone number and position with Defendant, if any, of the person(s) who was responsible for the inspection and maintenance of the area where the Plaintiff fell, on the date of the subject incident.

6.     Please identify the name, address and phone number of any and all employees and/or representatives of Defendant who had any contact, whether in person or via phone, with Plaintiff the day of the subject incident, following the subject incident.

7.     Pursuant to *Costco v. Maersa,* 823 SO.2d 301 (3rd DCA 2002), state the total number of accidents/incidents involving someone slipping or falling at the subject premises for the three (3) year period prior to the subject incident, and list the date and a description of each accident/incident along with the name and address of each customer or claimant involved in the accident/incident.

8.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

9.      List the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the Complaint and specify the subject matter about which the witness has knowledge.

10.     List the names, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys to have heard or who is purported to have heard Plaintiff make any statement, remark or comment concerning the subject incident and the substance of each statement, remark or comment.

11.     Please name all employees that were physically present at the subject premises on the date of the subject incident and identify which employees witnessed the subject incident.

12.     If a report was made by an agent, servant or employee of the Defendant in the ordinary course of business with respect to the subject incident, please state the name, last known address and position of the person who made the report, the date it was made and who has custody of it.

13. Please name all managers, whether physically present or not, at the subject premises on the date of the subject incident.

14. Please state the names and addresses of all individuals known to the defendant(s), its agents, employees, attorneys and/or representatives who have knowledge about or possession, custody and/or control of any model, plat, map, drawings, motion picture, DVDs, videotapes, or photographs pertaining to the subject incident, and provide the names and addresses of the individuals who took or prepared it, and the date it was taken or prepared.

15. Do you, your agents or attorneys know if any incident report or other report of any kind reflecting any of the facts regarding the subject incident was ever prepared? If so, state the date of the preparation of any such report, the name and address of the person that prepared it, and the name and address of the custodian of any such report.

16. For purposes of deposition and trial, state the name, title or position, and address of your authorized representative.

17. For the incident described in the Complaint, who is your corporate representative with the most knowledge regarding the condition and care of the subject premises as of the date of the subject incident described in the Complaint?

18.    Did you have any standard procedures with regard to maintaining the condition and care of the floors of the subject premises as of the date of the incident described in the Complaint? If so, please describe in detail each such procedure.

19.    Please describe the inspection process that the Defendant or its employees undertook on the date of the subject incident to ensure that the floors of the subject premises were in a reasonably safe condition.

20.    Have your attorneys or agents taken any surveillance, activities check or other photographing of any kind of the Plaintiff? If so, state the name and address of each person engaging in that activity, date of any and all such surveillance, including surveillance attempts and indicate the charge for any and all such surveillance.

21.    Do you contend any person or entity other than you is, or may be, liable in whole or in part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

22.   List in detail any intervening acts, events or causes which may have contributed to the accident which resulted in the damages alleged by Plaintiff.

23.   Do you intend to call any non-medical expert witnesses at the trial of this case? If so, please identify each witness; describe his or her qualifications as an expert; state the subject matter upon which he or she is expected to testify; state the substance of the facts and opinions to which he or she is expected to testify, and give a summary of the grounds for each opinion.

24.   Do you intend to call any medical expert witnesses at the trial of this case? If so, please identify each witness; describe his or her qualifications as an expert; state the subject matter upon which he or she is expected to testify; state the substance of the facts and opinions to which he or she is expected to testify, and give a summary of the grounds for each opinion.

25.   Describe the frequency and times of inspections of the area where Plaintiff fell, during the 6 months prior to the Plaintiff's alleged incident, stating the full name, last known address, name of employee and the job title of the person who made the last inspection prior to the subject incident.

26.    Has Defendant made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

27.    Describe fully the subject injury incident, stating in your answer how the alleged occurrence happened and all events relating thereto in sequential order for which you have knowledge thereof.

**VERIFICATION PAGE**

CVS PHARMACY, INC.

By:_____

_____

    The foregoing instrument was acknowledged before me this _____ day of

_____, 2021, by _____, whose title is _____

_____ of CVS PHARMACY, INC., who is personally known to me or has

produced _____ as identification and who did/did not take an

oath.

                              _____
                              NOTARY PUBLIC

My Commission expires:

Filing # 127890766 E-Filed 06/01/2021 04:52:15 PM

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.502021CA003508XXXXMB-AB

ROSE MELIA TASSY,

     Plaintiff,

vs.

CVS PHARMACY, INC., and
JOHN DOE,

     Defendants.

_____/

### PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

The Plaintiff, ROSE MELIA TASSY, by and through undersigned counsel, hereby

serves her First Request to Produce to the Defendant, CVS PHARMACY, INC.,

requests that the Defendant produce the following documents at the offices of

undersigned counsel within forty-five (45) days of service of this request.

### INTRODUCTION & DEFINITIONS

A.    These requests are directed toward all documents and information known
or available to Defendant, including information contained in the records and documents
in Defendant's custody or control or available to Defendant upon reasonable inquiry.
Where requested documents do not exist, please state that the document does not
exist.

B.    Each request for production of documents is to be deemed a continuing
one.   If, after serving any requested document, Defendant obtains any further
documentation pertaining to that request for production, Defendant is requested to
serve a supplemental answer setting forth copies of additional documents.

C.    All documents produced pursuant hereto are to be produced as they are
kept in the usual course of business or shall be organized and labeled (without
permanently marking the item produced) so as to correspond with the categories of
each numbered request hereof.

D.     "You" or "Your" refers to the Person (as defined below) to whom this request is addressed, including his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting for or in concert with or purporting to act on the Defendant's behalf, including your Representative (as defined below).

E.     "Defendant" shall mean CVS PHARMACY, INC., and includes all nicknames, pseudonyms and/or misnomers in any papers or documents referencing the defendant or any liability or obligation attributable to them.

F.     "Plaintiff" shall mean ROSE MELIA TASSY.

G.     "Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units herein, and shall include, but not be limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or departments, and the agents, servants, and employees of same.

H.     "Representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question, including insurance company employees.

I.     "Employees" shall include not only full time salaried positions but all those performing of services of any type for Defendant, whether compensated or not, including, but not limited to, part-time, contractors, formal or informal advisory and consulting services

J.     If you object to providing any discovery or fail to fully provide, or fail to provide any production on the grounds of privilege or protection of trial preparation material, you are required to:
    a.     Make the claim directly;
    b.     Describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the party propounding this Request for Production to assess the applicability of the privilege or protection.
    c.     In any of the documents encompassed by the attached request for production of documents is/are deemed by you to be privileged, furnish all non-privileged documents.

K.     When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope thereof.

L.      "Document(s)" or "Writing(s)" shall be deemed to include every record of every type, and is used in the broadest sense and includes any medium upon which intelligence or information can be recorded and further includes, but is not limited to, all originals, nonidentical copies and drafts of the following items, whether printed, handwritten, typed, recorded, sent, received or stored via electronic or digital means or device, or reproduced by hand, including without limitation correspondence, memoranda, e-mails, texts, invoices, receipts, records, ledger cards or other accounting records, voucher, check, shop order, diary, calendar, instruction, summaries of personal conversations or interviews, minutes or records of meetings or conferences, transcripts, opinions or reports of consultants, projections, drafts, contracts, agreements, confirmations, statistical statements, studies, telegrams, telexes, books, notes, reports, logs, diaries, audio and /or video recordings, data compilations from which information can be obtained, charts, photographs, notebooks, drawings, plan, printed materials or any kind, charts and interoffice communications, and any other writing of whatever description, including but not limited to any information contained in any computer (whether stored on a physical drive or in a cloud or virtual storage space), signed or unsigned, regardless of whether approved, signed, sent received, redrafted, or executed, study, work paper, handwritten note, draft, chart, paper, print, laboratory record, drawing sketch, diagram, form graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced and reproduced.

M.      Each draft, final document, original, reproduction, and each signed and unsigned document and every additional copy of such document where such copy contains any commentary, note, notation or other change whatsoever that does not appear on the original or on the copy of the one document produced shall be deemed and considered to constitute a separate document.

N.      "Communication", "communications", or "correspondence" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information or opinion, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, text message, email, or otherwise.

O.      As used in these requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

P.      The term "subject incident" as used herein, refers to the incident giving rise to this matter as described in Plaintiff's Complaint.

Q.      The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these interrogatories any answer that might be deemed outside their scope by another construction.

R.      "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

S.      "Identify" or "identity" means to state or a statement of:

a)      in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b)      in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c)      in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d)      in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e)      in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

T.      "Including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

U.      The term "subject premises" as used herein refers to the store located at 7016 Beracasa Way, Boca Raton, Palm Beach County, Florida.

## REQUESTS

1.      All policies of insurance in full force and effect at the time of the incident that is the subject of this litigation and that do or may provide coverage for the incident that is the subject of this litigation, including any and all policies of excess insurance.

2.      All photographs, videotapes, movies or other still or moving images, taken of the subject incident or reflecting the scene of the subject incident on the date of the subject incident in the possession, custody or control of the Defendant, its agents, servants, employees or attorneys.

3.      All photographs, videotapes, movies or other still or moving images, taken since the day after the subject incident in the possession, custody or control of the Defendant, its agents, servants, employees or attorneys reflecting the scene of the incident that is the subject of this litigation.

4.      All documents including, but not limited to, correspondence, inspection reports, inspection logs, contracts, field notes, work orders, invoices, emails, bids, receipts, memorandum, permits, logs, reports or bills of lading that in any way pertain to the inspection and/or maintenance of the scene of the subject incident during the one year prior to the subject incident through the present date.

5.      All documents including but not limited to correspondence by and between Defendant and any other entity or person (other than your counsel) regarding the subject incident, the Plaintiff, and/or the condition of the floor where the accident occurred on the date of the subject incident.

6.      All incident reports prepared, maintained and/or possessed by Defendant regarding the incident that is the subject of this litigation.

7.      All documents reflecting complaints known to Defendant pertaining or relating to the condition of the area of the subject incident for the one year prior to the subject incident through the present date.

8.      All statements, either written or recorded, regarding the incident involving the Plaintiff as alleged in the Plaintiff's Complaint.

9.      All documents reflecting who, on the date of the subject incident was responsible for the inspection, maintenance and/or repair of the area where the subject incident occurred.

10.     All documents that reflect any and all cleaning and/or maintenance of the area where the subject incident occurred for the 24 hour period preceding the time of the subject incident through the 24 hour period following the time of the subject incident.

11.     Any and all surveillance or video recordings from the date of the subject incident of the area where the subject incident occurred.

12.     Any and all safety or inspection manuals pertaining to the subject area where Plaintiff fell as alleged in the Complaint, that were in effect on the date of the subject incident as described in the Complaint.

13.     Any and all documents reflecting the procedures in effect on the date of the subject incident for the inspection and/or maintenance of the subject area where Plaintiff fell as described in the Complaint.

14.     All documents reflecting the names, current and/or last known addresses, telephone numbers, and dates of employment, of all employees of Defendant who were working on/at the subject premises on the date of the subject incident.

15.     Complete, unedited, legible, audible photocopies/duplicates of any and all surveillance material concerning and/or pertaining to Plaintiff which Defendant, at trial of this action, intends to refer to, proffer, utilize and/or seek to introduce into evidence.

16.     All documents provided to you by any witnesses to the subject incident.

17.     All documents referred to and relied upon by you in answers to interrogatories.

18.     All documents on which you rely or that contain the facts on which you base each and every one of your affirmative defenses.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served to Defendant together with the Complaint and Summons in this matter.

DATED this 1st day of June, 2021.

THE LAW OFFICES OF
**BERMAN & BERMAN, P.A.**
*Attorneys for the Plaintiff*
Post Office Box 272789
Boca Raton, Florida 33427
Telephone (561) 826-5200

By: */s/ Joseph C. Schulz*
       Joseph C. Schulz, Esq.
       Florida Bar No.: 660620
       service@thebermanlawgroup.com

Filing # 127890766 E-Filed 06/01/2021 04:52:15 PM

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

ROSE MELIA TASSY,

Case No.502021CA003508XXXXMB-AB

      Plaintiff,

vs.

CVS PHARMACY, INC., and
JOHN DOE,

      Defendants.

_____/

## NOTICE OF TAKING DEPOSITION DUCES TECUM
### (If necessary, please contact Plaintiff's counsel
### to select another amicable date and time)

### (PLEASE ADVISE IF INTERPRETER NEEDED)

PLEASE TAKE NOTICE that pursuant to Rule 1.310(b)(6) of the Florida Rules of Civil Procedure, the undersigned  will attorneys will take the deposition as follows:

**NAME:**        **CVS PHARMACY, INC.**

**DATE & TIME:**   **August 12, 2021 @ 10:00am**

**LOCATION:**    **VIA ZOOM – LINK TO BE PROVIDED BY COURT
REPORTER**

**DUCES TECUM:**  **See attached Schedule A**

**MATTERS ON WHICH THE EXAMINATION IS REQUESTED:**

1.   The condition of the floor of the subject store as described in the Complaint on November 21, 2017.
2.   The defendant's affirmative defenses to the Complaint.
3.   Prior incidents wherein someone fell in the subject store. This request is limited to incidents occurring in the three years prior to November 21, 2017.
4.   Subsequent incidents wherein someone was injured due to a fall in the subject store.

Said deposition will be taken before Universal Court Reporting, a Notary Public in and for the State of Florida at Large, or some other officer duly authorized by law to take depositions. The deposition will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served to Defendant together with the Complaint and Summons in this matter.

DATED this 1st day of June, 2021.

> **THE LAW OFFICES OF**
> **BERMAN & BERMAN, P.A.**
> *Attorneys for Plaintiff*
> PO Box 272789
> Boca Raton, FL 33427
> Tel: (561) 826-5200
> Fax: (561) 826-5201
>
> By: */s/ Joseph C. Schulz*
>      Joseph C. Schulz, Esq.
>      Florida Bar No.: 660620
>      service@thebermanlawgroup.com

cc:      Universal Court Reporting

## SCHEDULE A
## DOCUMENTS TO BE PRODUCED[1]

The originals of the following documents:

1. All documents which support defendant's affirmative defenses and which defendant intends to use at time of trial.

2. All documents regarding the subject incident as described in the Complaint that were prepared in the ordinary course of Defendant's business.

3. All documents reflecting the policies and procedures in connection with the maintenance of the floors of the subject store in effect on the date of the subject incident.

4. All photographs which defendant intends to use at time of trial.

---

[1] The term "document" or "documents" herein means any written, electronic or graphic matter, or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to: correspondence, e-mails, memoranda, notes, messages, letters, telegrams, facsimiles, bulletins, meetings or other communications, inter and intra-office telephone calls, diaries, chronological data, minutes, books, files, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, canceled checks, check images, wire information, schedules, affidavits, contracts, closing statements, agreements, applications, statements, transcripts, statistics, surveys, appraisals, estimates, magazine or newspaper articles, releases (including any and all drafts, alterations or modifications, as well as changes and amendments to any of the foregoing), graphic or spoken recordings or representations of any kind (including without limitation photographs, microfiche, microfilm, videotape, CD's and DVD's), and electronic, computer or mechanical records or data of any kind (including without limitation tapes, diskettes, computer discs, drives and servers). ESI Production Format: Electronically stored information should be produced in its native format. To the extent that the native format is not reasonably accessible due to undue burden or cost, then electronically stored information should be produced in the form in which it is maintained in the usual course of business or in a reasonably useable form such as PDF files.

For all documents on which you claim privilege, a privilege log must be prepared and filed pursuant to F.R.C.P. 1.280(b)(6).

Filing # 123103762 E-Filed 03/15/2021 02:36:51 PM

### FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>PALM BEACH</u>  COUNTY, FLORIDA

<u>Rose Melia Tassy</u>
Plaintiff                                                          Case # _____

                                                                   Judge  _____

vs.

<u>CVS Pharmacy Inc</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 03/15/2021 02:36:51 PM

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☒ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Russell F. Berman       Fla. Bar # 731501
       Attorney or party           (Bar # if attorney)

Russell F. Berman          03/15/2021
 (type or print name)         Date

NOT A CERTIFIED COPY

Filing # 123103762 E-Filed 03/15/2021 02:36:51 PM

## IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR
## PALM BEACH COUNTY, FLORIDA

CASE NO.:

ROSE MELIA TASSY,

      Plaintiff,

vs.

CVS PHARMACY, INC. and
JOHN DOE,

      Defendants.

_____/

## SUMMONS

**THE STATE OF FLORIDA:**
**To All and Singular the Sheriffs of said State:**

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Request to Produce and Interrogatories, in this action on the Defendant:

      CVS PHARMACY, INC.
      c/o C T Corporation System, Registered Agent
      1200 South Pine Island Road
      Plantation, FL 33324

    Each Defendant is required to serve written defenses to the Complaint or petition on **LAW OFFICES OF BERMAN & BERMAN, P.A., Plaintiff's attorney, whose address is PO Box 272789, Boca Raton, FL 33427; Eservice: service@thebermanlawgroup.com**, telephone: (561) 826-5200, within twenty (20) days after service of this Summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

    Dated _____ **Mar 17 2021** , 2021.

Clerk of said Court

By: *Janis Sustaché*

As Deputy Clerk

Janis Sustache

NOT A CERTIFIED COPY

Filing # 123103762 E-Filed 03/15/2021 02:36:51 PM

## IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

ROSE MELIA TASSY,

      Plaintiff,

vs.

CVS PHARMACY, INC., and
JOHN DOE,

      Defendants.

_____/

## COMPLAINT

Plaintiff, ROSE MELIA TASSY, by and through undersigned counsel, hereby sues the Defendant, CVS PHARMACY, INC. and JOHN DOE, and states as follows:

### JURISDICTION, PARTIES & VENUE

1. This is an action for damages exceeding Thirty Thousand Dollars ($30,000.00) and within the Jurisdictional limits of this Honorable Court.

2. At all times material hereto, Plaintiff, ROSE MELIA TASSY, (hereinafter "Plaintiff"), was a resident of Palm Beach County, Florida and is otherwise sui juris.

3. At all times material hereto, Defendant CVS PHARMACY, INC. (hereinafter "CVS"), was and is a for-profit corporation authorized to do and doing business in Florida.

4. At all times material hereto, Defendant, CVS, owned, maintained, and operated a store located at 7016 Beracasa Way, Boca Raton, Palm Beach County, Florida (the "subject store").

5. At all times material hereto, Defendant, JOHN DOE (hereinafter "MANAGER"), was and is a resident of Palm Beach County, Florida and is otherwise sui juris.

6. On or about November 21, 2017, the MANAGER was an employee of Defendant CVS and was on duty at the subject store.

7.  Venue is proper in Palm Beach County, Florida because the Defendant CVS's subject store is located in this county and the events that resulted in Plaintiff's injury that is the subject matter of this lawsuit occurred there.

## GENERAL ALLEGATIONS

8.  On or about November 21, 2017, Plaintiff was a business invitee, lawfully on the premises of the subject store that is open to the public.

9.  On or about November 21, 2017, Plaintiff, while walking in the subject store, was caused to fall due to display cardboard pieces that were placed on the floor in the subject store.

10. The cardboard pieces left on the floor constituted a dangerous condition.

11. As a result of the Defendants' failure to properly maintain the subject store and/or warn of the dangerous condition, Plaintiff suffered serious injuries.

12. All conditions precedent to the filing of this Complaint have been satisfied, met, and/or waived.

## COUNT I – PREMISES LIABILITY NEGLIGENCE AGAINST CVS

Plaintiff adopts and realleges paragraphs 1 through 12 as if set forth herein in fill and further alleges:

13. Defendant CVS, as the Owner of the subject store, owed business invitees, such as Plaintiff, a duty of reasonable care to maintain its premises in a reasonably safe condition, to correct dangerous conditions about which CVS knew or should have known, and to warn business invitees such as Plaintiff of dangerous conditions about which it had superior knowledge. This included the duty to ensure that the facilities and structures were operational and reasonably safe for use by the public at large, including Plaintiff.

14. Defendant CVS knew or should have known that the failure to keep the floors free and clear of objects and/or debris that a business invitee could slip/fall on presented a hazardous condition and a danger to business invitees visiting the subject store.

16. By and through its agents, Defendant CVS breached its duty of care by negligently maintaining the subject premises in one of more of the following ways:

    a.  by failing to provide proper maintenance and care of the subject store;

    b.  by creating a dangerous condition on the subject premises;

    c.  by allowing the unsafe and hazardous condition to exist in the subject store, which business invitees, such as the Plaintiff, would walk on, near and around, thereby creating an unsafe, dangerous and hazardous condition;

    d.  by failing to correct or remedy the dangerous and hazardous condition, although CVS, knew, or in the exercise of reasonable care should have known, of the existence of unsafe and hazardous condition;

    e.  by representing to its business invitees, including Plaintiff, that its premises was safe and suitable when, in fact, it was not;

    f.  by failing to provide adequate warnings and/or other reasonable notice of the unsafe, dangerous, and hazardous condition to its business invitees, including Plaintiff, although, CVS, knew, or in the exercise of reasonable care, should have known of the existence of said condition;

    g.  by failing to have policies and procedures in place to adequately address preventing or remedying hazardous conditions such as the one described herein; and

    h.  by failing to adequately train and/or supervise personnel at its stores, including the subject store, in maintaining a safe store and/or to remedy hazardous conditions such as the one described herein.

17. The hazardous condition caused by leaving objects and/or debris on the floor that business invitees can slip/fall on had existed for a sufficient length of time for the Defendant CVS to have had constructive knowledge of the hazard.

18. Defendant CVS's knowledge regarding the dangerous condition presented by the objects and/or debris left on the floor was superior to the Plaintiff's knowledge.

19. As a direct and proximate result of the aforementioned negligence of CVS, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and related care and treatment, loss of earnings, loss of ability to earn money, and/or an aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff ROSE MELIA TASSY demands judgment against Defendant CVS in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus taxable costs, and whatever other relief is permissible under the Laws of Florida.

## COUNT II - NEGLIGENCE AGAINST DEFENDANT MANAGER

Plaintiff adopts and re-alleges paragraphs 1 through 12 as if set forth herein in fill and further alleges:

20. Defendant MANAGER, as the store manager for CVS, owed a duty to Plaintiff to maintain and keep the subject store in a reasonably safe condition and to warn Plaintiff of the existing unsafe and hazardous condition he knew or, in the exercise of reasonable care, should have known about.

21. Defendant MANAGER, as the store manager of the subject store, breached its duty of care and acted in a negligent and careless manner, in one or more of the following ways:

    a.  by failing to provide proper maintenance and care of the subject store;

    b.  by creating a dangerous condition on the subject premises;

    c.  by allowing the unsafe and hazardous condition to exist in the subject store, which business invitees, such as the Plaintiff, would walk on, near and around, thereby creating an unsafe, dangerous and hazardous condition;

d.  by failing to correct or remedy the dangerous and hazardous condition, although he knew, or in the exercise of reasonable care should have known, of the existence of unsafe and hazardous condition;

e.  by failing to provide adequate warnings and/or other reasonable notice of the unsafe, dangerous, and hazardous condition to its business invitees, including Plaintiff, although he knew, or in the exercise of reasonable care, should have known of the existence of said condition;

f.  by failing to have policies and procedures in place to adequately address preventing or remedying hazardous conditions such as the one described herein; and

g.  by failing to adequately train and/or supervise his personnel in the subject store in maintaining a safe store and/or to remedy hazardous conditions such as the one described herein.

23. Defendant MANAGER knew or should have known that the subject store floor, if not properly inspected, cleaned, and maintained was hazardous to business invitees, including Plaintiff.

24. Defendant MANAGER's knowledge regarding the dangerous condition presented by the objects and/or debris left on the floor was superior to the Plaintiff's knowledge.

25. The hazardous condition described herein was created by or known to the Defendant MANAGER, or had existed for a sufficient length of time so that he should have known of its existence.

26. As a direct and proximate result of the aforementioned negligence of MANAGER, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and related care and treatment, loss of earnings, loss of ability to earn money, and/or an aggravation

of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff ROSE MELIA TASSY demands judgment against Defendant JOHN DOE in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus taxable costs, and whatever other relief is permissible under the Laws of Florida.

### COUNT III – VICARIOUS LIABILITY AGAINST CVS

Plaintiff adopts and realleges paragraphs 1 through 12 as if set forth herein in full and further alleges:

27. At all times material hereto, MANAGER was an agent, apparent agent, servant, employee, and/or independent contractor of CVS and was acting within the scope of that position to further CVS's business interests when he negligently caused an unreasonably dangerous condition to exist at CVS's subject store.

28. At all times material hereto, MANAGER was acting within his scope of work with CVS so that he may advance CVS's business interests and CVS is therefore vicariously liable for the negligence and damages caused by MANAGER while operating CVS's subject store.

29. As a direct and proximate result of the aforementioned negligence of MANAGER, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and related care and treatment, loss of earnings, loss of ability to earn money, and/or an aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff ROSE MELIA TASSY demands judgment against Defendant CVS in an amount in excess of Thirty Thousand Dollars ($30,000.00), plus taxable costs, and whatever other relief is permissible under the Laws of Florida.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

DATED this _____ day of March, 2021.

THE LAW OFFICES OF
BERMAN & BERMAN, P.A.
*Attorneys for Plaintiff*
Post Office Box 272789
Boca Raton, FL 33427
Tel: (561) 826-5200
Fax: (561) 826-5201

By: /s/ *Russell F. Berman*
Russell F. Berman, Esq.
Florida Bar No.: 731501
service@thebermanlawgroup.com

NOT A CERTIFIED COPY



**JOSEPH ABRUZZO**

**RECEIPT**
3950031

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
03/17/2021 10:21
Page 1 of 1

| Receipt Number: 3950031 - Date 03/17/2021  Time 10:21AM | | | | |
|---|---|---|---|---|
| **Received of:** | Theodore J. Berman P.O. Box 272789 Boca Raton, FL 33427 | | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | | 411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | | 411.00 |
| **Receipt ID:** | 10274188 | **Remaining Balance:** | | 0.00 |
| **Division:** | AB: Circuit Civil Central - AB(Civil) | | | |

| Case# 50-2021-CA-003508-XXXX-MB -- PLAINTIFF/PETITIONER: TASSY, ROSE MELIA | | | | |
|---|---|---|---|---|
| Item | | Balance | Paid | Bal Remaining |
| Fees | | 411.00 | 411.00 | 0.00 |
| **Case Total** | | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 30729551 | **411.00** |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.502021CA003508XXXXMB-AB

ROSE MELIA TASSY,

     Plaintiff,

vs.

CVS PHARMACY, INC., and
JOHN DOE,

     Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT

The Plaintiff, ROSE MELIA TASSY, by and through undersigned counsel, hereby serves this First Set of Interrogatories to the Defendant, CVS PHARMACY, INC., in accordance with Rule 1.340, Florida Rules of Civil Procedure.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served to Defendant together with the Complaint and Summons in this matter.

DATED this 1st day of June, 2021.

**THE LAW OFFICES OF**
**BERMAN & BERMAN, P.A.**
*Attorneys for the Plaintiff*
Post Office Box 272789
Boca Raton, Florida 33427
Telephone (561) 826-5200
Facsimile   (561) 826-5201

By: */s/ Joseph C. Schulz*
    Joseph C. Schulz, Esq.
    Florida Bar No.: 660620
    service@thebermanlawgroup.com

NOT A CERTIFIED COPY

## INTRODUCTION & DEFINITIONS

A.      These interrogatories are directed toward all information known or available to Defendant, including information contained in the records and documents in Defendant's custody or control or available to Defendant upon reasonable inquiry. Where interrogatories cannot be answered in full, they shall be answered as completely as possible and incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer and of whatever actual knowledge is possessed with respect to each unanswered or incompletely answered interrogatory.  If sufficient space for your answer is not provided herein, you may attach additional papers with your answers and refer to your attached answers in the space provided herein.

B.      Each interrogatory is to be deemed a continuing one. If, after serving an answer to any interrogatory, Defendant, or an authorized officer for Defendant, obtains or becomes aware of any further information pertaining to that interrogatory, Defendant or its authorized officer is requested to serve a supplemental answer setting forth such information.

C.      "You" or "Your" refers to the Person (as defined below) to whom this request is addressed, including his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting for or in concert with or purporting to act on the Defendant's behalf, including your Representative (as defined below).

D.      ""Defendant" shall mean CVS PHARMACY, INC., and includes all nicknames, pseudonyms and/or misnomers in any papers or documents referencing the defendant or any liability or obligation attributable to them.

E.      "Plaintiff" shall mean ROSE MELIA TASSY.

F.      "Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units herein, and shall include, but not be limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or departments, and the agents, servants, and employees of same.

G.      "Representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question, including insurance company employees.

H.    If you object to providing any response on the grounds of privilege or protection of trial preparation material, please state the specific basis of your privilege claim.

I.    When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope thereof.

J.    "Document(s)" or "Writing(s)" shall be deemed to include every record of every type, and is used in the broadest sense and includes any medium upon which intelligence or information can be recorded and further includes, but is not limited to, all originals, nonidentical copies and drafts of the following items, whether printed, handwritten, typed, recorded, sent, received or stored via electronic or digital means or device, or reproduced by hand, including without limitation correspondence, memoranda, e-mails, texts, invoices, receipts, records, ledger cards or other accounting records, voucher, check, shop order, diary, calendar, instruction, summaries of personal conversations or interviews, minutes or records of meetings or conferences, transcripts, opinions or reports of consultants, projections, drafts, contracts, agreements, confirmations, statistical statements, studies, telegrams, telexes, books, notes, reports, logs, diaries, audio and /or video recordings, data compilations from which information can be obtained, charts, photographs, notebooks, drawings, plan, printed materials or any kind, charts and interoffice communications, and any other writing of whatever description, including but not limited to any information contained in any computer (whether stored on a physical drive or in a cloud or virtual storage space), signed or unsigned, regardless of whether approved, signed, sent received, redrafted, or executed, study, work paper, handwritten note, draft, chart, paper, print, laboratory record, drawing sketch, diagram, form graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced and reproduced.

K.    "Communication", "communications", or "correspondence" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information or opinion, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, text message, email, or otherwise.

L.    As used in these requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

M.    The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these interrogatories any answer that might be deemed outside their scope by another construction.

N.      "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

O.      "Identify" or "identity" means to state or a statement of:

a)      in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b)      in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c)      in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d)      in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e)      in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

P.      "Including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

Q.      The term "subject incident" as used herein, refers to the incident giving rise to this litigation and described in Plaintiff's Complaint.

R.      The term "subject premises" as used herein refers to the store located at 7016 Beracasa Way, Boca Raton, Palm Beach County, Florida.

## INTERROGATORIES TO DEFENDANT

1.      What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.      Has the Defendant been named correctly in the Complaint? If not, please provide the correct name.

3.      Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiffs' Complaint, detailing as to such policies the names of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

4.      Describe in detail, each act or omission on the part of the Plaintiff you contend constituted negligence that was a contributing legal cause of the incident described in the Complaint.

5.     Please state the name, last known address and phone number and position with Defendant, if any, of the person(s) who was responsible for the inspection and maintenance of the area where the Plaintiff fell, on the date of the subject incident.

6.     Please identify the name, address and phone number of any and all employees and/or representatives of Defendant who had any contact, whether in person or via phone, with Plaintiff the day of the subject incident, following the subject incident.

7.     Pursuant to *Costco v. Maersa,* 823 SO.2d 301 (3rd DCA 2002), state the total number of accidents/incidents involving someone slipping or falling at the subject premises for the three (3) year period prior to the subject incident, and list the date and a description of each accident/incident along with the name and address of each customer or claimant involved in the accident/incident.

8.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

9.      List the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the Complaint and specify the subject matter about which the witness has knowledge.

10.     List the names, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys to have heard or who is purported to have heard Plaintiff make any statement, remark or comment concerning the subject incident and the substance of each statement, remark or comment.

11.     Please name all employees that were physically present at the subject premises on the date of the subject incident and identify which employees witnessed the subject incident.

12.     If a report was made by an agent, servant or employee of the Defendant in the ordinary course of business with respect to the subject incident, please state the name, last known address and position of the person who made the report, the date it was made and who has custody of it.

13.     Please name all managers, whether physically present or not, at the subject premises on the date of the subject incident.

14.     Please state the names and addresses of all individuals known to the defendant(s), its agents, employees, attorneys and/or representatives who have knowledge about or possession, custody and/or control of any model, plat, map, drawings, motion picture, DVDs, videotapes, or photographs pertaining to the subject incident, and provide the names and addresses of the individuals who took or prepared it, and the date it was taken or prepared.

15.     Do you, your agents or attorneys know if any incident report or other report of any kind reflecting any of the facts regarding the subject incident was ever prepared? If so, state the date of the preparation of any such report, the name and address of the person that prepared it, and the name and address of the custodian of any such report.

16.     For purposes of deposition and trial, state the name, title or position, and address of your authorized representative.

17.     For the incident described in the Complaint, who is your corporate representative with the most knowledge regarding the condition and care of the subject premises as of the date of the subject incident described in the Complaint?

18.     Did you have any standard procedures with regard to maintaining the condition and care of the floors of the subject premises as of the date of the incident described in the Complaint? If so, please describe in detail each such procedure.

19.     Please describe the inspection process that the Defendant or its employees undertook on the date of the subject incident to ensure that the floors of the subject premises were in a reasonably safe condition.

20.     Have your attorneys or agents taken any surveillance, activities check or other photographing of any kind of the Plaintiff? If so, state the name and address of each person engaging in that activity, date of any and all such surveillance, including surveillance attempts and indicate the charge for any and all such surveillance.

21.     Do you contend any person or entity other than you is, or may be, liable in whole or in part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

22.     List in detail any intervening acts, events or causes which may have contributed to the accident which resulted in the damages alleged by Plaintiff.

23.     Do you intend to call any non-medical expert witnesses at the trial of this case? If so, please identify each witness; describe his or her qualifications as an expert; state the subject matter upon which he or she is expected to testify; state the substance of the facts and opinions to which he or she is expected to testify, and give a summary of the grounds for each opinion.

24.     Do you intend to call any medical expert witnesses at the trial of this case? If so, please identify each witness; describe his or her qualifications as an expert; state the subject matter upon which he or she is expected to testify; state the substance of the facts and opinions to which he or she is expected to testify, and give a summary of the grounds for each opinion.

25.     Describe the frequency and times of inspections of the area where Plaintiff fell, during the 6 months prior to the Plaintiff's alleged incident, stating the full name, last known address, name of employee and the job title of the person who made the last inspection prior to the subject incident.

26.     Has Defendant made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

27.     Describe fully the subject injury incident, stating in your answer how the alleged occurrence happened and all events relating thereto in sequential order for which you have knowledge thereof.

NOT A CERTIFIED COPY

### VERIFICATION PAGE

CVS PHARMACY, INC.

By:_____

_____

The foregoing instrument was acknowledged before me this _____ day of

_____, 2021, by _____, whose title is _____

_____ of CVS PHARMACY, INC., who is personally known to me or has

produced _____ as identification and who did/did not take an

oath.

_____
NOTARY PUBLIC

My Commission expires:

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

Case No.502021CA003508XXXXMB-AB

ROSE MELIA TASSY,

      Plaintiff,

vs.

CVS PHARMACY, INC., and
JOHN DOE,

      Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

      The Plaintiff, ROSE MELIA TASSY, by and through undersigned counsel, hereby

serves her First Request to Produce to the Defendant, CVS PHARMACY, INC.,

requests that the Defendant produce the following documents at the offices of

undersigned counsel within forty-five (45) days of service of this request.

### INTRODUCTION & DEFINITIONS

      A.    These requests are directed toward all documents and information known
or available to Defendant, including information contained in the records and documents
in Defendant's custody or control or available to Defendant upon reasonable inquiry.
Where requested documents do not exist, please state that the document does not
exist.

      B.    Each request for production of documents is to be deemed a continuing
one. If, after serving any requested document, Defendant obtains any further
documentation pertaining to that request for production, Defendant is requested to
serve a supplemental answer setting forth copies of additional documents.

      C.    All documents produced pursuant hereto are to be produced as they are
kept in the usual course of business or shall be organized and labeled (without
permanently marking the item produced) so as to correspond with the categories of
each numbered request hereof.

NOT A CERTIFIED COPY

D.     "You" or "Your" refers to the Person (as defined below) to whom this request is addressed, including his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting for or in concert with or purporting to act on the Defendant's behalf, including your Representative (as defined below).

E.     "Defendant" shall mean CVS PHARMACY, INC., and includes all nicknames, pseudonyms and/or misnomers in any papers or documents referencing the defendant or any liability or obligation attributable to them.

F.     "Plaintiff" shall mean ROSE MELIA TASSY.

G.     "Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units herein, and shall include, but not be limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or departments, and the agents, servants, and employees of same.

H.     "Representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question, including insurance company employees.

I.     "Employees" shall include not only full time salaried positions but all those performing of services of any type for Defendant, whether compensated or not, including, but not limited to, part-time, contractors, formal or informal advisory and consulting services

J.     If you object to providing any discovery or fail to fully provide, or fail to provide any production on the grounds of privilege or protection of trial preparation material, you are required to:

       a.     Make the claim directly;
       b.     Describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the party propounding this Request for Production to assess the applicability of the privilege or protection.
       c.     In any of the documents encompassed by the attached request for production of documents is/are deemed by you to be privileged, furnish all non-privileged documents.

K.     When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope thereof.

L.       "Document(s)" or "Writing(s)" shall be deemed to include every record of every type, and is used in the broadest sense and includes any medium upon which intelligence or information can be recorded and further includes, but is not limited to, all originals, nonidentical copies and drafts of the following items, whether printed, handwritten, typed, recorded, sent, received or stored via electronic or digital means or device, or reproduced by hand, including without limitation correspondence, memoranda, e-mails, texts, invoices, receipts, records, ledger cards or other accounting records, voucher, check, shop order, diary, calendar, instruction, summaries of personal conversations or interviews, minutes or records of meetings or conferences, transcripts, opinions or reports of consultants, projections, drafts, contracts, agreements, confirmations, statistical statements, studies, telegrams, telexes, books, notes, reports, logs, diaries, audio and /or video recordings, data compilations from which information can be obtained, charts, photographs, notebooks, drawings, plan, printed materials or any kind, charts and interoffice communications, and any other writing of whatever description, including but not limited to any information contained in any computer (whether stored on a physical drive or in a cloud or virtual storage space), signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, study, work paper, handwritten note, draft, chart, paper, print, laboratory record, drawing sketch, diagram, form graph, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced and reproduced.

M.       Each draft, final document, original, reproduction, and each signed and unsigned document and every additional copy of such document where such copy contains any commentary, note, notation or other change whatsoever that does not appear on the original or on the copy of the one document produced shall be deemed and considered to constitute a separate document.

N.       "Communication", "communications", or "correspondence" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information or opinion, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, text message, email, or otherwise.

O.       As used in these requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

P.       The term "subject incident" as used herein, refers to the incident giving rise to this matter as described in Plaintiff's Complaint.

Q.       The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these interrogatories any answer that might be deemed outside their scope by another construction.

R.      "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

S.      "Identify" or "identity" means to state or a statement of:

a)      in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b)      in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c)      in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d)      in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e)      in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

T.      "Including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

U.      The term "subject premises" as used herein refers to the store located at 7016 Beracasa Way, Boca Raton, Palm Beach County, Florida.

## REQUESTS

1.      All policies of insurance in full force and effect at the time of the incident that is the subject of this litigation and that do or may provide coverage for the incident that is the subject of this litigation, including any and all policies of excess insurance.

2.    All photographs, videotapes, movies or other still or moving images, taken of the subject incident or reflecting the scene of the subject incident on the date of the subject incident in the possession, custody or control of the Defendant, its agents, servants, employees or attorneys.

3.    All photographs, videotapes, movies or other still or moving images, taken since the day after the subject incident in the possession, custody or control of the Defendant, its agents, servants, employees or attorneys reflecting the scene of the incident that is the subject of this litigation.

4.    All documents including, but not limited to, correspondence, inspection reports, inspection logs, contracts, field notes, work orders, invoices, emails, bids, receipts, memorandum, permits, logs, reports or bills of lading that in any way pertain to the inspection and/or maintenance of the scene of the subject incident during the one year prior to the subject incident through the present date.

5.    All documents including but not limited to correspondence by and between Defendant and any other entity or person (other than your counsel) regarding the subject incident, the Plaintiff, and/or the condition of the floor where the accident occurred on the date of the subject incident.

6.    All incident reports prepared, maintained and/or possessed by Defendant regarding the incident that is the subject of this litigation.

7.    All documents reflecting complaints known to Defendant pertaining or relating to the condition of the area of the subject incident for the one year prior to the subject incident through the present date.

8.    All statements, either written or recorded, regarding the incident involving the Plaintiff as alleged in the Plaintiff's Complaint.

9.    All documents reflecting who, on the date of the subject incident was responsible for the inspection, maintenance and/or repair of the area where the subject incident occurred.

10.    All documents that reflect any and all cleaning and/or maintenance of the area where the subject incident occurred for the 24 hour period preceding the time of the subject incident through the 24 hour period following the time of the subject incident.

11.    Any and all surveillance or video recordings from the date of the subject incident of the area where the subject incident occurred.

12.    Any and all safety or inspection manuals pertaining to the subject area where Plaintiff fell as alleged in the Complaint, that were in effect on the date of the subject incident as described in the Complaint.

13.    Any and all documents reflecting the procedures in effect on the date of the subject incident for the inspection and/or maintenance of the subject area where Plaintiff fell as described in the Complaint.

14.    All documents reflecting the names, current and/or last known addresses, telephone numbers, and dates of employment, of all employees of Defendant who were working on/at the subject premises on the date of the subject incident.

15.    Complete, unedited, legible, audible photocopies/duplicates of any and all surveillance material concerning and/or pertaining to Plaintiff which Defendant, at trial of this action, intends to refer to, proffer, utilize and/or seek to introduce into evidence.

16.    All documents provided to you by any witnesses to the subject incident.

17.    All documents referred to and relied upon by you in answers to interrogatories.

18.    All documents on which you rely or that contain the facts on which you base each and every one of your affirmative defenses.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

served to Defendant together with the Complaint and Summons in this matter.

DATED this 1st day of June, 2021.

**THE LAW OFFICES OF**
**BERMAN & BERMAN, P.A.**
*Attorneys for the Plaintiff*
Post Office Box 272789
Boca Raton, Florida 33427
Telephone (561) 826-5200

By: */s/ Joseph C. Schulz*
      Joseph C. Schulz, Esq.
      Florida Bar No.: 660620
      service@thebermanlawgroup.com



IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

ROSE MELIA TASSY,

                Plaintiff,

Case No.502021CA003508XXXXMB-AB

vs.

CVS PHARMACY, INC., and
JOHN DOE,

                Defendants.

_____/

## NOTICE OF TAKING DEPOSITION DUCES TECUM
### (If necessary, please contact Plaintiff's counsel
### to select another amicable date and time)

### (PLEASE ADVISE IF INTERPRETER NEEDED)

       PLEASE TAKE NOTICE that pursuant to Rule 1.310(b)(6) of the Florida Rules of
Civil Procedure, the undersigned  will attorneys will take the deposition as follows:

**NAME:**              **CVS PHARMACY, INC.**

**DATE & TIME:**     **August 12, 2021 @ 10:00am**

**LOCATION:**       **VIA ZOOM – LINK TO BE PROVIDED BY COURT
                      REPORTER**

**DUCES TECUM:**   **See attached Schedule A**

**MATTERS ON WHICH THE EXAMINATION IS REQUESTED**:

1.   **The condition of the floor of the subject store as described in
the Complaint on November 21, 2017.**
2.   **The defendant's affirmative defenses to the Complaint.**
3.   **Prior incidents wherein someone fell in the subject store. This
request is limited to incidents occurring in the three years prior
to November 21, 2017.**
4.   **Subsequent incidents wherein someone was injured due to a
fall in the subject store.**

Said deposition will be taken before Universal Court Reporting, a Notary Public in and for the State of Florida at Large, or some other officer duly authorized by law to take depositions. The deposition will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served to Defendant together with the Complaint and Summons in this matter.

DATED this 1st day of June, 2021.

> **THE LAW OFFICES OF**
> **BERMAN & BERMAN, P.A.**
> *Attorneys for Plaintiff*
> PO Box 272789
> Boca Raton, FL 33427
> Tel: (561) 826-5200
> Fax: (561) 826-5201
>
> By: */s/ Joseph C. Schulz*
>        Joseph C. Schulz, Esq.
>        Florida Bar No.: 660620
>        service@thebermanlawgroup.com

cc:    Universal Court Reporting

## SCHEDULE A
## DOCUMENTS TO BE PRODUCED[1]

The originals of the following documents:

1.   All documents which support defendant's affirmative defenses and which defendant intends to use at time of trial.

2.   All documents regarding the subject incident as described in the Complaint that were prepared in the ordinary course of Defendant's business.

3.   All documents reflecting the policies and procedures in connection with the maintenance of the floors of the subject store in effect on the date of the subject incident.

4.   All photographs which defendant intends to use at time of trial.

---

[1] The term "document" or "documents" herein means any written, electronic or graphic matter, or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to: correspondence, e-mails, memoranda, notes, messages, letters, telegrams, facsimiles, bulletins, meetings or other communications, inter and intra-office telephone calls, diaries, chronological data, minutes, books, files, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, canceled checks, check images, wire information, schedules, affidavits, contracts, closing statements, agreements, applications, statements, transcripts, statistics, surveys, appraisals, estimates, magazine or newspaper articles, releases (including any and all drafts, alterations or modifications, as well as changes and amendments to any of the foregoing), graphic or spoken recordings or representations of any kind (including without limitation photographs, microfiche, microfilm, videotape, CD's and DVD's), and electronic, computer or mechanical records or data of any kind (including without limitation tapes, diskettes, computer discs, drives and servers). ESI Production Format: Electronically stored information should be produced in its native format. To the extent that the native format is not reasonably accessible due to undue burden or cost, then electronically stored information should be produced in the form in which it is maintained in the usual course of business or in a reasonably useable form such as PDF files.

For all documents on which you claim privilege, a privilege log must be prepared and filed pursuant to F.R.C.P. 1.280(b)(6).